TRUJILLO, MERCADO & CO. v. RODRÍGUEZ.

APPEAL from the District Court of Ponce.

No. 408.—Decided February 25, 1910.

PRELIMINARY INJUNCTION—CASES IN WHICH IT WILL ISSUE.—The writ of injunction should be issued with great caution and only where the reason and necessity therefor are clear.

ID.—IRRIGATION CONCESSIONS—UNDEFINED RIGHTS.—The court after having examined the documentary evidence introduced at the trial held that the rights of the petitioners were not clear and defined, and for that reason the order appealed from should be reversed and the preliminary writ of injunction issued.

APPEAL—STATEMENT OF THE CASE—DEFECTIVE CERTIFICATE.—The provisions of section 216 of the Code of Civil Procedure, and sections 223 and 225 of the same Code relative to the approval and certification of the bill of exceptions and statement of the facts in a motion for a new trial, are applicable by analogy to any statement of the case. (*López* v. *American Railroad Co.,* decided June 28, 1906, 11 P. R. Rep., p. 148.)

ID.—DEFECTIVE CERTIFICATE—AGREEMENT OF COUNSEL.—Although the approval and certificate of the statement of the case herein presented are defective, inasmuch as the defect has been cured by agreement of counsel, who signed the transcript of the record, and no objection having been made thereto up to the hearing, such consent authorizes this court to examine the statement of the case and consider the same in the decision of the appeal.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

*Mr. Nemesio R. Canales* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the month of February of last year, the agricultural firm of Trujillo, Mercado & Co., applied in the District Court

of Ponce, by a sworn complaint, for a permanent injuction against Blas Rodríguez, alleging the following facts:

1. That the petitioner is the owner of three estates called "Rufina," "Faro" and "San Colombano," situated in the municipal district of Guayanilla, with the area and boundaries described in the complaint. On the first of said estates there is a factory for the manufacture of sugar called the "Central Rufino," with a capacity to grind 700 tons of sugar-cane per day, and in which the plaintiff proposed to grind during the said year the product of the sugar-cane planted on more than 3,000 *cuerdas* of land.

2. That the defendant, Blas Rodríguez, is the owner of another estate, also situated in the municipal district of Guayanilla, having the area and boundaries also described in the complaint.

3. That the said estates of "Rufina," "Faro" and "San Colombano" have a concession to take water from the Guayanilla river and to irrigate 665 *cuerdas* of land, which concession dates back to the year 1842 and has been used since said year without any interruption whatsoever by the various owners of said estates, the water being further used for the needs of the "Rufina" factory.

4. That the amount of water belonging to said estates under the said concession is 183½ liters per second, the firm of Trujillo, Mercado & Co. having established a module to draw the same amount of water from the Guayanilla river.

5. That the defendant Blas Rodríguez, on May 2, 1907, obtained from the Executive Council a concession or franchise to irrigate 30 *cuerdas* of the estate belonging to him with the right to draw from said Guayanilla River 40 liters of water per second.

6. That at the time of the complaint, during the dry season, the water of the Guayanilla River was not sufficient to cover the concession of the plaintiffs, notwithstanding which the defendant continued to take 40 liters of water per second, without paying any attention to the intimations of the plain-

tiff firm that he should stop taking water from the Guaya-
nilla River until the amount of 183½ liters per second granted
the plaintiffs had been covered.

7. That the conduct of the defendant violates the rights
of the plaintiffs as the original grantees, causing them dam-
ages by preventing them from irrigating their sugar-cane and
by their being threatened with lack of sufficient water for their
"Rufiina" factory.

The complaint closed with the prayer for judgment grant-
ing a permanent injunction, against Blas Rodríguez to ab-
stain thereafter from taking water from the Guayanilla River
to irrigate his plantation until the 183½ liters per second
which the plaintiff firm has the right to take for the irriga-
tion of the estates of "Rufina," "Faro" and "San Colom-
bano" have been covered.

After this complaint had been filed, the agricultural firm
of Trujillo, Mercado & Co. applied to the court by written
motion for the issue of a preliminary injunction against
Rodríguez for the same purpose as that sought in the com-
plaint, to which end the same facts were alleged and, futher-
more, that if Rodríguez continued to take water from the
Guayanilla River while the proceedings were pending, with-
out respecting the prior concession, the plaintiff would suf-
fer considerable damage, almost impossible to estimate, for
which reason a claim for damages would not afford a remedy
to the plaintiff firm.

The court issued an order on February 27, 1909, for the
defendant to appear either in person or through counsel at
a hearing to be held on the following 3d of March and show
cause why the preliminary injunction applied for should not
issue, and by order of the 6th of said month of March, after
fixing the provisional bond to be furnished by the plaintiff
firm at $3,000, the court stated that as soon as the oath to
the complaint were amended to make it positive, and not by
information and belief, and the bond fixed were furnished, a
preliminary injunction would issue.

The record contains the answer to the application for a permanent injunction which was apparently filed after the hearing on the motion for a preliminary injunction had been had, because the oath to the answer is dated March 9, 1909, and in the answer the defendant alleges that, not being acquainted with the extent of the concession the plaintiffs allege they have, he absolutely denies that they are entitled to the use of 183½ liters of water per second from the Guayanilla River for the irrigation of the estates "Rufina," "Faro" and "San Colombano," and, admitting the fifth allegation of fact of the complaint, he alleges that he does not know the amount of the water flow of the Guayanilla River in the dry season, but that in taking the water which had been granted him he never violated the rights of the plaintiffs nor did he, therefore, cause them any damages whatsoever. He alleges that, on applying for the franchise which was granted him by the Executive Council, the plaintiffs objected to the grant for reasons similar to those they invoke in their complaint—that is to say, because they believed the flow of the river would not be sufficient to cover the quantity of water to which the plaintiffs allege they are entitled—notwithstanding which, the Executive Council did not take this opposition into consideration, holding that the rights of the opposing parties had not been fully established, especially with reference to the quantity of water which they could take; that, subsequently, the same plaintiffs applied to the Executive Council to fix the quantity of water which they could take under their concession, and said council decided that in case the firm of Trujillo, Mercado & Co. were entitled to take water from the Guayanilla River under the old concessions, the validity of which was not discussed, the quantity of water would be 183½ liters per second, although such decision could not be construed in the sense of validating the rights claimed, if they were to affect those of the defendant, Blas Rodríguez, or those of any other person authorized to take water from the Guayanilla River; that when the plaintiffs applied to the

Executive Council for the purpose mentioned, the franchise had already been granted the defendant and he had made the first yearly payment; that when the defendant applied for the franchise, the river was gauged during the dry season, showing that at the point where the defendant was to take his water there was a sufficient flow to cover his needs and those which the opposing parties alleged to have, there being even a surplus, the water flow diminishing below the intake of the defendant on account of filtrations in the bed of the river; that it is almost two years since the defendant has been making use of the franchise which was granted him; and that he always believed, and continues to believe, that at the point of the intake of the water there is a flow greater than the 183½ liters to which the plaintiffs allege they are entitled, even after taking the 40 liters pertaining to the franchise of the defendant.

After the amendment of the complaint in the terms indicated by the court in its order of March 6, 1909, and the bond required in said order had been furnished, both of which acts took place on the 9th of said month of March, the court made an order on the same date granting the preliminary injunction applied for and, consequently, prohibiting the defendant, Blas Rodríguez, from drawing water from the Guayanilla River for the irrigation of his property until the module of the 183½ liters of water per second granted to the firm of Trujillo, Mercado & Co., under their concession, should have been covered. From this order the defendant took an appeal to the Supreme Court.

Both parties having filed their respective briefs, counsel for the respondent made an oral motion to expunge from the record the statement of facts on the ground that it had not been duly certified to by the trial judge, and the court ordered that such motion be discussed together with the main issue, which was done.

The statement of facts contains the following at the end thereof: "Approved. (Signed) Martin E. Gil, District

Judge, April 17, 1909,'' and counsel for both parties certify that the transcript of the record is a true and faithful copy of the record of the civil action prosecuted in the District Court of Ponce by Trujillo, Mercado & Co. against Blas Rodríguez, for the issue of an injunction, both attorneys having signed said certificate.

Upon examining the Code of Civil Procedure we find that section 216 provides with relation to a bill of exceptions in an action, that after said bill shall have been settled it be signed by the judge or referee, as the case may be, with the certificate of either to the effect that the same is allowed, which formalities must also be observed in a statement of facts when the petition for a new trial is founded thereon, as is to be deduced from sections 223 and 225 of the same Code; and even though such provisions be considered applicable by analogy to all statements of fact, according to the doctrine established by this Supreme Court in the case of *Eurípides López* v. *The American Railroad Co.* (11 P. R. Dep., 143) for the recovery of a sum of money, decided June 23, 1906, we hold that while under strict rules of procedure the approval of the statement of facts as it appears in the record is not absolutely correct on account of the absence of a certificate in due form, as such defect of form has been cured by the agreement of the attorneys who authorized the transcript of the record and no objection therto has been made before the hearing, such consent authorizes us to examine the statement of facts for the decision of the appeal.

At the hearing on the preliminary motion the plaintiffs did not present any evidence whatsoever, and the defendant submitted the following documents to the consideration of the lower court:

1. A certified copy of the franchise granting him 40 liters of water per second from the Guayanilla River.

2. A report of the Committee on Franchises on the petition of the defendant for the said franchise.

3. Two receipts issued by the Treasury Department of

Porto Rico relating to payments made by the defendant in connection with his franchise.

4. A report of the Committee on Franchises on a petition of the plaintiffs requesting the Executive Council to fix the amount of water which they could take under the old franchise granted them during the Spanish domination.

This evidence shows that the defendant, Blas Rodríguez, having applied for permission to the Executive Council to take 40 liters of water per second from the Guayanilla River for the purpose of irrigating lands belonging to him, Trujillo, Mercado & Co. claimed the right granted them during the Spanish administration to take water from the same river at a point below the place where Rodríguez intended to draw his water. The Committee on Franchises, Privileges and Concessions reported that the right of Trujillo, Mercado & Co. had not been fully established, especially with relation to the amount of water which they could take and under these circumstances the Committee was of the opinion that the concession applied for by Rodríguez should be granted him, although subject to prior rights of third persons.

In accordance with the foregoing report, an ordinance was issued in favor of Rodríguez on May 2, 1907, approved by the Governor of this Island on the following day, May 3, by virtue of which he was granted the right to take 40 liters of water per second from the Guayanilla River under the terms therein stipulated, without prejudging or prejudicing prior rights of third parties.

Subsequently to this ordinance—that is to say, on September 3, 1907—Trujillo, Mercado & Co., applied to the Executive Council to determine the amount of water which they were entitled to take from the Guayanilla River for the irrigation of 665 cuerdas of land under the concession which had been granted them about 1842 and 1843, and the Committee on Franchises, Privileges and Concessions reported on March 1, 1908, that on the assumption that the petitioners had the right alleged, the amount of water would be 183½ liters per

second; that the determination of this amount of water would in no manner signify the recognition or approval of the rights claimed by the petitioners, nor would it affect the rights of Blas Rodríguez, or any other person, to take water from the Guayanilla River, as such rights had to be discussed between the parties interested.

This report was approved and adopted by the Executive Council on March 6, 1908.

We find, therefore, that the amount of 183½ liters of water per second from the Guayanilla River was fixed as the amount to which Trujillo, Mercado & Co. were entitled for the irrigation of their lands, without thereby acknowledging or approving the concession made them by the Spanish Government, and that Blas Rodríguez was recognized to be entitled to take 40 liters of water per second from the said Guayanilla River, without prejudicing or prejudging the rights which Trujillo, Mercado & Co. might have, which rights, therefore, cannot be considered to be definite and certain. Under the circumstances it is necessary to apply what Spelling says in his work on injunctions and other extraordinary remedies, second paragraph, page 30, of volume 1: "To justify granting a preliminary injunction, the plaintiff's right must be certain as to the law and facts."

This principle has been recognized in the act defining injunctions approved March 6, 1906, and our decisions of January 12 and 31 of the same year in the cases of *Amalia Pereira* v. *Paula Villafaña* and *Victor Martínez* v. *María Moreno* (10 P. R. Rep., 77 and 82), both injunction cases. In these cases we said and we now repeat:

"Writs of injunction must be granted with great caution and only in cases where the reason and necessity therefor are clear."

For the foregoing reason the order appealed from should be reversed and the preliminary injunction applied for by Trujillo, Mercado & Co. should not issue.

*Reversed.*

Justices Figueras, Wolf and del Toro concurred.